IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01623-REB-CBS

MARK D. MORRIS,

       Plaintiff,

v.

MILGARD MANUFACTURING INCORPORATED,
a Washington corporation,

       Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff Mark D. Morris and Defendant Milgard Manufacturing, Inc. ("Milgard"), stipulate and move, under Rule 26(c) of the Federal Rules Of Civil Procedure, for a Protective Order governing the treatment and handling of documents, depositions, deposition exhibits, responses to any discovery requests (including responses to interrogatories, document requests and requests for admissions), inspections, examinations of premises, facilities, and physical evidence, and any other information produced, given or exchanged by and among the parties and non-parties to this action.

**RECITALS**

A.    This a retaliation and wrongful discharge case brought under Title VII of the Civil Rights Act Of 1964 and Colorado state law. Mr. Morris, a former Plant Manager of Milgard's Denver facility, claims that Milgard retaliated against him by terminating his employment because he made an internal complaint of discriminatory

treatment against female employees, opposed that treatment, and participated in the investigation of that treatment.

B.  As this case involves potentially confidential business information related to Mr. Morris' job and employee personal information as well as records of a sensitive internal investigation, some of the information the parties may seek or develop through discovery in this case may contain or consist of information that the producing party will claim is confidential, proprietary, or trade secret information and therefore, entitled to protection under one or more of the provisions of Fed. R. Civ. P. 26(c) or other source of statutory or common law protection.

C.  Nothing in this Stipulated Order is intended, nor shall it be construed, as either a waiver or an admission that specific documents or information are admissible or contain either confidential, proprietary business information, or trade secrets.  This Stipulated Order is simply a procedural framework to facilitate the discovery process and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case.  No part of this agreement shall be used in this action or any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as "Confidential" under this Order.

D.  Based on these recitals and the terms of disclosure that follow, the parties have agreed to this Stipulated Order to facilitate the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information in this action.

**DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

**"Discovery Material"** means all documents, depositions, deposition exhibits, responses to any discovery requests (including responses to interrogatories, document requests and requests for admissions), responses to subpoenas duces tecum, inspections, examinations of premises, facilities, and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules Of Civil Procedure, or otherwise given or exchanged by and among the parties and non-parties to this action.

**"Confidential Discovery Material"** means Discovery Material designated as "Confidential" under the terms of this Order.

**"Producing Party"** means any party or non-party to this action producing Discovery Material.

**"Designating Party"** means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

**TERMS**

**Discovery Material.**

1.  Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order. The burden shall be on the Designating Party to demonstrate, when and if a designation is challenged, that such Discovery Material contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret, or personal information that requires the

protections provided in this Order. Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information:

    A.    Non-public information relating to Milgard's business operations, policies, and procedures;

    B.    Any material of a confidential nature, including, without limitation, product specifications, product designs, product development plans, research and development plans and data, market surveys and analyses, customer lists, customer profiles, customer purchase information, customer complaint and satisfaction information, price information, personally identifying information, policies, financial information, marketing information, compensation information, plans and formulae and personnel information, records relating to confidential internal investigations;

    C.    Personnel and payroll files and records

    D.    Medical records; and

    E.    Any other material qualifying for protection under Fed. R. Civ. P. 26(c)(7).

    2.    Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

**Designation Procedure.**

    3.    The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

    A.    In the case of documents (apart from recorded testimony), by stamping

each and every page to be designated "Confidential" with the applicable legend "Confidential."

B.  In the case of deposition or other pretrial testimony, by a statement on the record by counsel, at the time the testimony to be protected is given, that said testimony is "Confidential." Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned. To be effective, such notice must be sent within two (14) days of the date on which the Designating Parting receives a copy of the transcript. In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

C.  In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

D.  In the case of any other production of Discovery Materials not otherwise specifically identified above, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

E.  The parties to this Order may modify the procedures set forth in paragraphs 3(B)-(D) hereof through agreement of counsel on the record at such

5

deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

**<u>Confidential Material</u>.**

4. Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A. The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

B. Any named party, outside counsel to such parties whether or not they have entered appearances in this action, in-house counsel for the corporate parties herein, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

C. Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 6;

D. Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness agrees to be bound by the terms of this Order, or (ii) if such witness refuses and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to the Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other

person, that the witness is subject to the Confidentiality Order and that any misuse of the Confidential Discovery Material will violate the Court's Order and will be punishable as contempt of Court.

E. The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action, and provided that such claims counsel or representative agrees to be bound by the terms of this Order.

F. Any individual identified by a party as a person with knowledge under Rule 26, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient agrees to be bound by the terms of this Order.

**Designation Disputes.**

5. If any party objects to the designation of any Discovery Materials as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the objecting party may move for relief from this Order with respect to such challenged discovery materials. If the objecting party makes such a motion, the Discovery Material shall continue to be deemed "Confidential" under the terms of this Order, until the Court rules on such motion. In any proceeding to release Confidential Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon the Designating Party to sustain the burden of establishing the appropriateness of the classification under Fed. R. Civ. P. 26(c). A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

**Use of Confidential Discovery Material.**

6. Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions herein, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any such material, such consultant or expert shall agree to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

7. No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed above. To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action and in accordance with the provisions of this Order.

8. When filing any documents that contain information designated Confidential Discovery Material, the party filing such documents must move the Court to restrict public access to the documents, and follow all procedures for restricting access to such Confidential Discovery Material at a Level 1 restriction level under Local Rule 7.2. All such materials so filed shall be released from confidential treatment only upon further order of the Court.

9. In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material

used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*. No party, other than the party who designated the particular material as Confidential Discovery Material, shall offer Confidential Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Court in any court proceeding, without first advising the Court and the Designating Party of its intent to do so. At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the restricting of public access to the pertinent parts of the Court records. The use of Confidential Discovery Material in any court proceeding shall not limit in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

10. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and certify in writing to the Designating Parties or their counsel that such destruction has occurred. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that contain Confidential Discovery Material or

references thereto, <u>provided</u> that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Designating Party.

11. If any person receiving and in the possession custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking Discovery Material by one not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

12. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

13. Neither this Order, the production or receipt of Confidential Discovery Material hereunder, nor otherwise complying with the terms of this Order, shall:

A. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the

10

restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

  B. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

  C. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

  D. Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

  E. Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential."

  14. Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that such party produced and designated as Confidential Discovery Material in connection with this action.

  15. Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules Of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

  16. This stipulation shall be binding on the parties prior to its entry as an Order. Should the Court not enter this stipulation as an Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing

substantially similar protections to those contained in this stipulation. Once entered, this Order shall continue to bind the parties unless and until the Court enters an Order to the contrary.

DATED at Denver, Colorado, on August 30, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED: August 29, 2012

*/s/ Thomas J. Arckey*
Thomas J. Arckey
Arckey & Associates, L.L.C.
7951 East Maplewood Avenue #285
Greenwood Village, CO 80111
303-798-8546
Fax: 303-798-4637
Email: tja@arlaw.us

**Attorney For Plaintiff Mark D. Morris**

*/s/ Lawrence W. Marquess*
Larry W. Marquess
Danielle L. Kitson
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Fax:  303.629.0200
E-mail:  lmarquess@littler.com
          dkitson@littler.com

**Attorneys For Defendant Milgard Manufacturing, Inc.**